JUNE 20, 1966.

No. 562. TIME, INC. v. HILL. Appeal from Ct. App. N. Y. Probable jurisdiction noted, 382 U. S. 936. Argued April 27, 1966.

This case is ordered restored to the docket for reargument at the next term of Court. Upon reargument, counsel are requested to discuss in their further briefs and oral arguments, in addition to the other issues, the following questions:

(1) Is the truthful presentation of a newsworthy item ever actionable under the New York statute as construed or on its face? If so, does appellant have standing to challenge that aspect of the statute?

(2) Should the *per curiam* opinion of the New York Court of Appeals be read as adopting the following portion of the concurring opinion in the Appellate Division?

"However, if it can be clearly demonstrated that the newsworthy item is presented, not for the purpose of disseminating news, but rather for the sole purpose of increasing circulation, then the rationale for exemption from section 51 no longer exists and the exemption should not apply. In such circumstances the privilege to use one's name should not be granted even though a true account of the event be given—let alone when the account is sensationalized and fictionalized."

(3) Does the concept of "fictionalization," as used in the charge, the intermediate appellate decisions in this case, and in other New York cases, require intentional fabrication, or reckless disregard of the truth or falsity of statements of fact, as a condition of liability? Would either negligent or non-negligent misstatements suffice? With respect to these issues, how should the instructions to the jury be construed?

(4) What are the First Amendment ramifications of the respective answers to the above questions?

*Harold R. Medina, Jr.,* and *Victor M. Earle III* for appellant. *Richard M. Nixon, Goldthwaite H. Dorr, Leonard Garment* and *Joseph V. Kline* for appellee. *Louis J. Lefkowitz,* Attorney General of New York, *Samuel A. Hirshowitz,* First Assistant Attorney General, and *Barry Mahoney* and *Brenda Soloff,* Assistant Attorneys General, for the Attorney General of New York, as *amicus curiae,* urging affirmance.